Brandon L. Jensen (Wyo. Bar # 6-3464)
Brian J. Tweedie (Wyo. Bar # 7-5409)
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
(307) 632-5105  Telephone
(307) 637-3891  Facsimile
brandon@buddfalen.com
brian@buddfalen.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| C. MARK CUPPS, MARK B. and CHERYL L. KOENIG, DALE M. and PEGGY CARLSON, JOHN E. MCINROY and ANN W. PECK, PHILLIP and ANDREA L. KOSKI, ESTHER SANDOVAL, KAY YUEN HING REVOCABLE TRUST, dated January 8, 2010, ANTHONY R. HOCH, FLOYD A. and BARBARA J. BARBOUR, WILLIAM G. CUTLER, and BRUCE R. and DEBRA J. SMITH,  )))))))))))) | |
| Plaintiffs,  )) | |
| v.  )) | Case No. _16-CV-86-S_ |
| PIONEER CANAL-LAKE HATTIE IRRIGATION DISTRICT,  )))) | |
| Defendant.  )) | |

---

## COMPLAINT TO QUIET TITLE AND ACTION FOR INVERSE CONDEMNATION

---

COME NOW, the Plaintiffs, by and through their undersigned attorneys,

Brandon L. Jensen and Brian J. Tweedie of the Budd-Falen Law Offices, LLC,

Page 1 of 14

and hereby state their complaint against the Defendant Pioneer Canal-Lake Hattie Irrigation District as follows:

<b>NATURE OF ACTION</b>

1.    Each of the Plaintiffs hereto own private property located immediately adjacent to the Lake Hattie Reservoir in Section 28, Township 15 North, Range 76 West of the Sixth Principal Meridian, Albany County, State of Wyoming.

2.    The Defendant Pioneer Canal-Lake Hattie Irrigation District owns the Lake Hattie Reservoir and all rights-of-way and water rights appurtenant thereto.

3.    Pursuant to the Act of March 3, 1891, §§ 18-22, 26 Stat. 1095, 1101-02 (1891) (formerly codified at 43 U.S.C. §§ 946-949), the Pioneer Canal-Lake Hattie Irrigation District holds a federal right-of-way grant for the Lake Hattie Reservoir in Section 28.

4.    The Defendant's federal right-of-way grant does not overlap any of the Plaintiffs' tracts of land.

5.    Each of the Plaintiffs' respective lots were sold and patented by the federal government specifically for home or cabin sites.

6.    None of the Plaintiffs' respective patents make specific reference to the Lake Hattie Reservoir.

7.    In 2015, the Defendant began storing additional water in the reservoir on lands belonging to each of the Plaintiffs herein and outside the limits of its federal right-of-way grant.

8.    The flooding of private property in 2015 resulted in significant damage to the Plaintiffs' respective properties, including, but not limited to, preclusion of use and enjoyment; damage to structures, foundations, improvements, and fences; physical damage to the land itself; and actual loss of land from erosion.

9.    Nevertheless, despite the significant damage that occurred in 2015, the Plaintiffs have been notified by the Defendant of its intention to store additional water in the reservoir in an effort to avoid abandonment of its water rights and to fill the reservoir to its capacity.

10.    The damage to the Plaintiffs' respective properties from the storage of additional water in the reservoir will be catastrophic to each of the Plaintiffs.

11.    Consequently, the Plaintiffs initiate this action to quiet title to their respective lots and to seek damages resulting from the unauthorized storage of water on their private property.

### JURISDICTION AND VENUE

12.    An actual, justiciable controversy now exists between the parties hereto, regarding the subject matter hereof, as to all matters for which the Plaintiffs seek declaratory and injunctive relief; therefore, this Court may declare the rights and other legal relations of the parties in this action under 28 U.S.C. §§ 2201 and 2202.

13.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States, including

the Act of March 3, 1891, §§ 18-22, 26 Stat. 1095, 1101-02 (1891) (formerly codified at 43 U.S.C. §§ 946-949).

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the Defendant is an entity which maintains its principal place of business within the State of Wyoming, and a substantial part of the events or omissions giving rise to the claim occurred in, or a substantial part of the property that is the subject of this action is situated in, the State of Wyoming.

**PARTIES**

15.     The Plaintiff C. Mark Cupps owns and has the exclusive right to possess the following real property lying adjacent to the Lake Hattie Reservoir in Albany County:  Lot 36, 315 Lake Hattie Road, Township 15 North, Range 76 West of the Sixth Principal Meridian, Albany County, State of Wyoming.

16.     The Plaintiffs Mark B. and Cheryl L. Koenig own and have the exclusive right to possess the following real property lying adjacent to the Lake Hattie Reservoir in Albany County:  Lot 19, 261 Lake Hattie Road, Township 15 North, Range 76 West of the Sixth Principal Meridian, Albany County, State of Wyoming.

17.     The Plaintiffs Dale M. and Peggy Carlson own and have the exclusive right to possess the following real property lying adjacent to the Lake Hattie Reservoir in Albany County:  Lot 19, 261 Lake Hattie Road, Township 15 North, Range 76 West of the Sixth Principal Meridian, Albany County, State of Wyoming.

18.     The Plaintiffs John E. McInroy and Ann W. Peck own and have the exclusive right to possess the following real property lying adjacent to the Lake Hattie Reservoir in Albany County: Lot 7, 219 Lake Hattie Road, Township 15 North, Range 76 West of the Sixth Principal Meridian, Albany County, State of Wyoming.

19.     The Plaintiffs Phillip and Andrea L. Koski own and have the exclusive right to possess the following real property lying adjacent to the Lake Hattie Reservoir in Albany County: Lot 13, 239 Lake Hattie Road, Township 15 North, Range 76 West of the Sixth Principal Meridian, Albany County, State of Wyoming.

20.     The Plaintiff Esther Sandoval owns and has the exclusive right to possess the following real property lying adjacent to the Lake Hattie Reservoir in Albany County: Lot 14, 245 Lake Hattie Road, Township 15 North, Range 76 West of the Sixth Principal Meridian, Albany County, State of Wyoming.

21.     The Plaintiff Kay Yuen Hing Revocable Trust, dated January 8, 2010, owns and has the exclusive right to possess the following real property lying adjacent to the Lake Hattie Reservoir in Albany County: Lot 18, 257 Lake Hattie Road, Township 15 North, Range 76 West of the Sixth Principal Meridian, Albany County, State of Wyoming.

22.     The Plaintiff Anthony R. Hoch owns and has the exclusive right to possess the following real property lying adjacent to the Lake Hattie Reservoir in Albany County: Lot 38, 323 Lake Hattie Road, Township 15 North, Range 76 West of the Sixth Principal Meridian, Albany County, State of Wyoming.

23.     The Plaintiffs Floyd A. and Barbara J. Barbour own and have the exclusive right to possess the following real property lying adjacent to the Lake Hattie Reservoir in Albany County:  Lot 39, 327 Lake Hattie Road, Township 15 North, Range 76 West of the Sixth Principal Meridian, Albany County, State of Wyoming.

24.     The Plaintiff William G. Cutler owns and has the exclusive right to possess the following real property lying adjacent to the Lake Hattie Reservoir in Albany County:  Lot 40, 331 Lake Hattie Road, Township 15 North, Range 76 West of the Sixth Principal Meridian, Albany County, State of Wyoming.

25.     The Plaintiffs Bruce R. and Debra J. Smith own and have the exclusive right to possess the following real property lying adjacent to the Lake Hattie Reservoir in Albany County:  Lot 40, 331 Lake Hattie Road, Township 15 North, Range 76 West of the Sixth Principal Meridian, Albany County, State of Wyoming.

26.     The Defendant Pioneer Canal-Lake Hattie Irrigation District is organized and existing under the laws of the State of Wyoming.

### STATEMENT OF FACTS COMMON TO ALL CLAIMS

27.     The Pioneer Canal-Lake Hattie Irrigation District holds a federal right-of-way grant for the Lake Hattie Reservoir in Albany County, and at all times relevant hereto, has operated and stored water in said reservoir, pursuant to the aforementioned right-of-way grant.

28.     The right-of-way grant for the Lake Hattie Reservoir was originally granted by the Department of the Interior on February 14, 1911, under the Act

of March 3, 1891, §§ 18-22, 26 Stat. 1095, 1101-02 (1891) (formerly codified at 43 U.S.C. §§ 946-949).

29.    The map accompanying the right-of-way application, dated September 18, 1909, traces the location of the Lake Hattie Reservoir and contains a certification that the map was made under the authority of the applicant, filed under the Act of March 3, 1891, and accurately represented the boundaries of the reservoir.

30.    The 1909 map filed by the Defendant's predecessor-in-interest, under the authority of the Act of March 3, 1891, establishes the outer limits of the Defendant's right-of-way for purposes of storing water in the Lake Hattie Reservoir.

31.    Each of the Plaintiffs hold title to a parcel of real property lying immediately adjacent to the Lake Hattie Reservoir, which title originates from the grant of a patent from the federal government, based upon a metes and bounds resurvey of the reservoir, dated April 13, 1950, and approved June 13, 1950.

32.    Pursuant to Classification Order No. 10, dated August 27, 1951, the Bureau of Land Management subdivided Section 28, Township 15 North, Range 76 West into fifty separate tracts which were declared chiefly valuable for home or cabin sites.

33.    According to the field notes accompanying the survey of the fifty tracts in Section 28, each of the tracts were intentionally and purposefully

surveyed above the high water line of the Lake Hattie Reservoir and outside the boundaries of the Defendant's right-of-way.

34.     Each of the Plaintiffs' respective lots were sold and patented by the federal government under the Small Tract Act of June 1, 1938 ("An Act to provide for the purchase of public lands for home and other sites"), 52 Stat. 609, specifically for home or cabin sites.

35.     None of the Plaintiffs' respective patents make specific reference to the Lake Hattie Reservoir.

36.     The boundary of the Lake Hattie Reservoir and the Defendant's right-of-way, as established by the 1909 map and the 1950 resurvey, does not overlap any of the Plaintiffs' tracts of land.

37.     In 2015, the Defendant began storing additional water in the reservoir on lands belonging to each of the Plaintiffs herein and outside the limits of its federal right-of-way grant.

38.     The flooding of private property in 2015 resulted in significant damage to the Plaintiffs' respective properties, including, but not limited to, preclusion of use and enjoyment; damage to structures, foundations, improvements, and fences; physical damage to the land itself; and actual loss of land from erosion.

39.     Nevertheless, despite the significant damage that occurred in 2015, the Plaintiffs have been notified by the Defendant of its intention to store additional water in the reservoir in an effort to avoid abandonment of its water rights and to fill the reservoir to its capacity.

40.    The damage to the Plaintiffs' respective properties from the storage of additional water in the reservoir will be catastrophic to each of the Plaintiffs.

41.    In addition to the forced removal of many of the Plaintiffs from their respective residences and properties, the Plaintiffs fear that several homes will be destroyed or rendered uninhabitable, additional lands will be lost to erosion, and access to the entire neighborhood may be compromised from sub-irrigation of a nearby natural lake.

### FIRST CAUSE OF ACTION
### QUIET TITLE

42.    The Plaintiffs assert and allege all preceding paragraphs as if fully set forth herein.

43.    The Plaintiffs bring this civil action to quiet title, pursuant to Wyo. Stat. §§ 1–32–201, 202, for the purpose of determining an adverse interest claimed by the Defendant in real property owned by each of the Plaintiffs.

44.    The Plaintiffs own a legal estate in and are entitled to possession of each of their respective lots.

45.    The Defendant claims an adverse interest to the real property at issue and continues to unlawfully possess and use said real property.

46.    The nature of the right, title, or interest, which the Defendants claim in the real property herein is based upon the legal operation and effect of a federal right-of-way grant issued to the Defendant's predecessor-in-interest under the Act of March 3, 1891.

47.    Judicial relief to quiet title to private lands in Section 28 is necessary and appropriate in order to ascertain and establish the boundaries

of the Defendant's federal right-of-way grant and permanently eject the

Defendant from each of the Plaintiffs' respective parcels of private property.

48.     Injunctive relief may be necessary and appropriate in order to

permanently enjoin the Defendant from possessing and occupying the

Plaintiffs' private properties and interfering with the Plaintiffs' lawful use,

possession and enjoyment of their real property.

**SECOND CAUSE OF ACTION**
**ACTION FOR INVERSE CONDEMNATION**

49.     The Plaintiffs assert and allege all preceding paragraphs as if fully

set forth herein.

50.     Pursuant to Wyo. Stat. § 1-26-516:

> When a person possessing the power of condemnation takes
> possession of or damages land in which he has no interest, or
> substantially diminishes the use or value of land, due to activities
> on adjoining land without the authorization of the owner of the
> land or before filing an action of condemnation, the owner of the
> land may file an action in district court seeking damages for the
> taking or damage and shall be granted litigation expenses if
> damages are awarded to the owner.

51.     The Defendant, as an irrigation district, has the power of

condemnation.  See Wyo. Stat. § 1-26-815(a) (power of eminent domain granted

for the location, construction, maintenance and use of reservoirs for

agricultural purposes); and Wyo. Stat. § 41-7-210(a)(iv)(E) (irrigation district

may exercise the power of eminent domain); see also Krenning v. Heart

Mountain Irrigation Dist., 2009 WY 11, ¶ 15, 200 P.3d 774, 780 (Wyo. 2009).

52.     The storage of water on each of the Plaintiffs' respective parcels of land by the Defendant constitutes an invasion of the Plaintiffs' interests in the exclusive possession of their land and in its physical condition.

53.     The storage of water on each of the Plaintiffs' properties was an intentional act by the Defendant.

54.     The Defendant has taken possession of, or damaged, or substantially diminished the use or value of, land in which it has no interest, due to activities on adjoining land without the authorization of the Plaintiffs.

55.     The Defendant has not filed an action of condemnation against any of the Plaintiffs.

56.     The Plaintiffs have suffered irreparable injury to their right to exclude the Defendant from Plaintiffs' private properties.

57.     The Plaintiffs are informed and believe, and on the basis of that information and belief allege, that, unless restrained by this Court, the Defendant will continue to take possession of, or damage, lands belonging to the Plaintiffs.

58.     The flooding of private property by the Defendant has resulted in significant damage to the Plaintiffs' respective properties, including, but not limited to, preclusion of use and enjoyment; damage to structures, foundations, improvements, and fences; physical damage to the land itself; and actual loss of land from erosion.

59.     Consequently, the Plaintiffs seek from the Defendant both the fair market value for the taking of their respective properties and actual damages

suffered by each of the Plaintiffs, including any diminishment of the use or value of the Plaintiffs' remaining lands, in an amount to be determined at trial.

60.     Furthermore, pursuant to Wyo. Stat. § 1-26-714, the Defendant is responsible for reclamation and restoration of the land and any improvements thereon.

61.     The reclamation and restoration shall return the property and improvements to the condition existing prior to the condemnation to the extent that reasonably can be accomplished.

62.     Finally, if damages are awarded to the Plaintiffs under Wyo. Stat. § 1-26-516, the Plaintiffs are entitled to an award of litigation expenses.

63.     Under Wyo. Stat. § 1-26-502, "litigation expenses" means and includes attorney's fees, appraisal expenses and engineering fees and expenses.

### THIRD CAUSE OF ACTION
### DEFENDANT'S FAILURE TO MAINTAIN RESERVOIR

64.     The Plaintiffs assert and allege all preceding paragraphs as if fully set forth herein.

65.     The Defendant is lawfully obligated to carefully maintain the embankments of the reservoir so that the water will not flood or damage the premises of others. See Wyo. Stat. § 41-3-317; see also Wyo. Stat. § 41-5-101.

66.     The Defendant has performed no maintenance of the embankments of the Lake Hattie Reservoir, which has resulted in damage to several of the Plaintiffs' respective lots, including loss of land itself through erosion.

67.     Failure of the Defendant to maintain the embankments of the reservoir will result in flooding of private property, overflow of water, and damage to the premises of others.

68.     Consequently, the Plaintiffs initiate this action to seek damages in an amount to be determined at trial resulting from the failure of the Defendant to maintain the embankments of the reservoir and prevent flooding or overflow of water onto private property.

69.     Regardless of the actual boundaries of the Defendants' federal right-of-way grant, the Plaintiffs seek also judicial clarification of the Defendant's legal duties, obligations and liabilities incident to their ownership and operation of the Lake Hattie Reservoir.

### REQUEST FOR RELIEF

WHEREFORE, on the foregoing basis, the Plaintiffs respectfully request that the Court enter judgment against the Defendant and grant the following relief:

70.     A Court order quieting title to each of the Plaintiffs' respective properties and against the Defendant;

71.     A Court order permanently ejecting the Defendant from each of the Plaintiffs' respective properties;

72.     A Court order declaring that the Defendant has unlawfully taken land and adjudicating damages to each of the Plaintiffs in an amount to be determined at trial;

73.    A preliminary and/or permanent injunction prohibiting the Defendant from storing any water on any of the Plaintiffs' respective properties;

74.    A Court order declaring the legal duties, obligations and liabilities incident to the Defendants' ownership and operation of the Lake Hattie Reservoir;

75.    An award of costs and attorneys' fees; and

76.    A Court order granting such further and other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 28th day of April, 2016.

Brandon L. Jensen
Brian J. Tweedie
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
(307) 632-5105 Telephone
(307) 637-3891 Facsimile
brandon@buddfalen.com
brian@buddfalen.com

*Attorneys for Plaintiffs*