IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

**Scott W. Skavdahl, U.S. District Judge**

| | |
|---|---|
| Tiffany Dyer, Courtroom Deputy | June 23, 2016 |
| Anne Bowline, Court Reporter | Casper, Wyoming |
| Kelley Anderson, Law Clerk (by telephone) | |

Case No. 16CV86-SWS Cupps, et al v Pioneer Canal-Lake Hattie Irrigation District,

| | |
|---|---|
| C Mark Cupps, | Plaintiffs' Attorneys': Brandon Lee Jensen & Brian Tweedie |
| Plaintiffs', | |
| v. | |
| Pioneer Canal-Lake Hattie Irrigation District, | Defendant's Attorney: M. Gregory Weisz |
| Defendant. | |

**COURTROOM MINUTES**
**Preliminary Injunction Hearing**

1:40 pm    Present at Plaintiffs' table: Brandon Lee Jensen and Brian Tweedie, Counsel for the Plaintiffs; present at Defendants' table: M. Gregory Weisz, Legal Assistant; Kelsey Vinson, Isaiah Gross Representative for Defendant Cody Humphrey.

1:45 pm     Opening Statement/Argument heard by Brandon Lee Jensen, Counsel for the Plaintiff.

2:15 pm     **Direct Examination of William Gifford Cutler**, Castlerock, CO, Owner of property at 331 Lake Hattie Rd Laramie, WY by Brandon Lee Jensen, Counsel for the Plaintiff. Plaintiff Exhibit 1 marked and admitted.

2:25 pm     **Cross Examination of William Gifford Cutler**, Castlerock, CO, Owner of property at 331 Lake Hattie Rd Laramie, WY by M. Gregory Weisz, Counsel for the Defendant.

2:30 pm     **Direct Examination of Mark Koenig**, Longmont, CO, Owner 261 Lake Hattie Rd Lot 19 by Brandon Lee Jensen, Counsel for the Plaintiff. Plaintiff Exhibit 2 marked and admitted.

2:35 pm     **Cross Examination of Mark Koenig**, Longmont, CO, Owner of property at 261Lake Hattie Rd Lot 19 by M. Gregory Weisz, Counsel for the Defendant.

2:40 pm     **Direct Examination of Maria Esther Sandoval**, 245 Lake Hattie Rd Laramie WY by Brian Tweedie, Counsel for the Plaintiff.

2:43 pm     **Cross Examination of Maria Esther Sandoval**, 245 Lake Hattie Rd (lot 14) Laramie WY by M. Gregory Weisz, Counsel for the Defendant.

2:45 pm     **Direct Examination of Ann Peck**, Laramie WY, IT Tech University of Wyoming, Owner Lake Hattie Rd Lot 7 by Brandon Lee Jensen, Counsel for the Plaintiff. Plaintiff Exhibit 3 marked and admitted.

2:55 pm     **Cross Examination of Ann Peck**, Laramie WY, IT Tech University of Wyoming, Owner Lake Hattie Rd Lot 7 by M. Gregory Weisz, Counsel for the Defendant.

2:55 pm     Opening Statement/Argument heard by M. Gregory Weisz, Counsel for the Defendant. Counsel stipulate to all exhibits submitted to date.

3:05 pm     **Direct Examination of David Robert Coffey**, Laramie, WY, Civil Engineer, Land Surveyor, Coffee Engineering and Surveying, by M. Gregory Weisz, Counsel for the Defendant. Mr. Coffee qualified as expert witness to the extent he has foundation and education to express his opinions subject to objection. Defendant's Exhibits Y, AA, EE, FF, Plaintiff's Exhibit A pages 23 through 30 used during testimony.

3:40 pm     Break

3:50 pm     Court in session; **Cross Examination of David Robert Coffey**, Laramie, WY, Civil Engineer, Land Surveyor, Coffee Engineering and Surveying, by Brandon Lee Jensen, Counsel for the Plaintiff Defendant's Exhibit Y used during testimony; Plaintiff's Exhibit A used during testimony. Defendant Exhibit FF used during testimony.

4:00 pm     **Redirect Examination of David Robert Coffey**, Laramie, WY, Civil Engineer, Land Surveyor, Coffee Engineering and Surveying, by M. Gregory Weisz, Counsel for the Defendant.

4:05 pm     Closing Argument heard by Brandon Lee Jensen Counsel for the Plaintiff.

4:15 pm     Closing Argument heard by M. Gregory Weisz, Counsel for the Defendant.

4:36 pm     Break

4:53 pm   Court in session; The Court advised the parties to submit briefing no later than 7/29 as to whether or not the Court has jurisdiction over this matter and would request Counsel to supplement their briefings as to substantial federal question requirements considering those factors as set forth under Tenth Circuit precedent and the standards required. The Court cannot conclude that the movants have established an entitlement to the mandatory preliminary injunction that would essentially grant the relief being requested ultimately in this matter; a Minute order shall be entered DENYING the Plaintiff's [6] Motion for Mandatory Preliminary Injunction.

5:18 pm  Court in recess.