Brandon L. Jensen (Wyo. Bar # 6-3464)
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
(307) 632-5105  Telephone
(307) 637-3891  Facsimile
brandon@buddfalen.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| C. MARK CUPPS, MARK B. and CHERYL L. KOENIG, DALE M. and PEGGY CARLSON, JOHN E. MCINROY and ANN W. PECK, PHILLIP and ANDREA L. KOSKI, ESTHER SANDOVAL, KAY YUEN HING REVOCABLE TRUST, dated January 8, 2010, FLOYD A. and BARBARA J. BARBOUR, WILLIAM G. CUTLER, BRUCE R. and DEBRA J. SMITH, JOSEPH RUPINKSKI, JR., LARRY and KATHY WEYHRICH, and LARAMIE BOAT CLUB, INC., a Wyoming Corporation,<br><br>     Plaintiffs,<br><br>v.<br><br>PIONEER CANAL-LAKE HATTIE IRRIGATION DISTRICT,<br><br>     Defendant. | Case No. 2:16-cv-00086-SWS |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO STRIKE EXPERT REPORT AND EXCLUDE TESTIMONY OF DAVID R. COFFEY

Page | 1

COME NOW the Plaintiffs, by and through their undersigned attorney, Brandon L. Jensen of the Budd-Falen Law Offices, LLC, and hereby reply in support of their motion to strike the expert report and exclude the testimony of David R. Coffey, in part, on the grounds that his methodology and proffered testimony contravenes the law of the case.

It is axiomatic that on remand for further proceedings after decision by an appellate court, the trial court must proceed in accordance with the mandate and the law of the case as established on appeal.  See Briggs v. Pennsylvania R. Co., 334 U.S. 304, 306 (1948).  "A trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces."  Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3rd Cir. 1985).

Here, the Irrigation District, through the expert testimony of David R. Coffey, is attempting to ignore both the letter and the spirit of the Tenth Circuit's mandate.  Notwithstanding the Irrigation District's attempt to "nickel and dime" the Tenth Circuit's opinion,[1] the Tenth Circuit unambiguously held that the Irrigation District's right-of-way under the Act of 1891 is to be determined solely by reference to the map approved by the United States Department of the Interior in 1911.  See Cupps v. Pioneer Canal-Lake Hattie

---

[1] In its response in opposition, the Irrigation District unconvincingly relies on singular words or phrases, all the while ignoring the totality of the Tenth Circuit's opinion.  As set forth below, the Tenth Circuit unequivocally states that "other factors" such as elevation, "are irrelevant."  See Cupps v. Pioneer Canal-Lake Hattie Irrigation Dist., 799 F. App'x 571, 582 (10th Cir. 2019).

Irrigation Dist., 799 F. App'x 571, 585 (10th Cir. 2019) ("In sum, the statutory and regulatory framework before us requires that the Irrigation District's right-of-way under the Act be determined by reference to the approved map."). "*Other factors* that arguably could be advanced as bearing on the scope of its rights — whether elevation or the practical infeasibility of using the right-of-way actually depicted on the map — *are irrelevant*." See id. at 582 (emphasis added). "Look[ing] beyond the approved map and accompanying field notes to *other evidence*," and "ultimately divining the right-of-way's boundaries by *extrapolating* from the originally intended high-water elevation level and the height of the reservoir's dam" is "erroneous." See id. at 579 (emphasis added). "The district court erred . . . in looking beyond the approved map to determine [the] elevation." See id. at 582.

Thus, both the letter and the spirit of the Tenth Circuit's mandate makes clear that the parties are not to look beyond the approved map and accompanying field notes to other evidence or extrapolate from the originally intended high-water elevation level and the height of the reservoir's dam. Yet, this is exactly what Mr. Coffey intends to do with his expert testimony. The Irrigation District's Response concedes this point. See Defendant's Response, at p. 7 (stating that Mr. Coffey "selected the location of the line based on its conformity with known features and location of the reservoir that has never been substantially modified: the dam and spillway."). Mr. Coffey states in his expert report (ECF No. 158), that Mr. Rosecrans "intended to lay out a level line and so to accommodate the ability to store the water rights that the company

Page | 3

that owned Lake Hattie Reservoir applied for with the State of Wyoming." See Report and Affidavit of David R. Coffey, ECF No. 158, at p. 7, ¶ 30(c)(ii). "Sheet 3 depicts in blue the line that in my opinion Rosecrans intended to lay out as the level line of Lake Hattie Reservoir. . . . I chose that line based on the fact that the line is relatively level with the spillway's physical location." See id., at p. 8, ¶ 30(c)(iv) (emphasis added). Further, Mr. Coffey's Sheet 3 specifically states that the "spillway elevation was measured at 7,278 feet and is represented by a blue contour line." See id., at Sheet 3 (emphasis added).[2]

Obviously, Mr. Coffey could not choose a line "relatively level with the spillway's physical location," without considering elevation or the height of the reservoir's dam.  Mr. Coffey conceded in his deposition that his extrapolation of the intended high-water elevation was not based on the approved map or field notes. See Plaintiffs' Exhibit 1, Deposition of David Coffey, at p. 62: 4-21.  Mr. Coffey admitted that there is no evidence, measurements, lines, courses, distances, or monuments from the approved map and accompanying field notes that correspond to an elevation of 7,278 feet. See id.[3]

---

[2] There is also a table on Sheet 3 that identifies the elevation of every survey point along Mr. Rosecrans' surveyed line as previously adjusted by Mr. Coffey. See Report and Affidavit of David R. Coffey, ECF No. 158, at Sheet 3. These elevations are meaningless unless Mr. Coffey is attempting to deduce the right-of-way's boundaries by extrapolating from the originally intended high-water elevation level and the height of the reservoir's dam.

[3] Notably, Mr. Coffey's Sheet 3 highlights Mr. Rosecrans' original surveyed line in black and denotes the specific location of each survey point as "STA 1," "STA 2," etc.  Mr. Coffey's own Sheet 3 makes clear that the elevation of 7,278 feet is not the elevation of Mr. Rosecrans' original surveyed line, because that elevation does not correspond with any of the 169 original locations surveyed by Mr. Rosecrans.

In response, the Irrigation District contends that these issues do not relate to the admissibility of Mr. Coffey's testimony, but rather go to the weight to be afforded to it. However, as explained above, Mr. Coffey's conclusion that the right-of-way's boundaries should lie at an elevation of 7,278 feet, in light of his admission that there is *no* basis for that conclusion from the approved map or field notes, clearly contravenes the law of the case as set forth by the Tenth Circuit. None of this testimony should be permitted in the first place for one simple reason: the Court may not rely upon any of it in determining the boundary of the reservoir's right-of-way. Mr. Coffey's ultimate conclusion in this case attempts to advance the very same legal theory that the Tenth Circuit unambiguously deemed to be beyond the approved map, erroneous, and ultimately irrelevant.

Based on the foregoing, the Court should preclude David Coffey from testifying at trial concerning his ultimate conclusion that the boundary line lies at an elevation of 7,278 feet and any other evidence beyond the approved map and accompanying field notes.

RESPECTFULLY SUBMITTED this 27th day of July 2021.

/s/ Brandon L. Jensen
Brandon L. Jensen
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003-0346
(307) 632-5105 Telephone
(307) 637-3891 Facsimile
brandon@buddfalen.com

*Attorney for Plaintiffs*

Page | 5

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that on this 27th day of July 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

M. Greg Weisz
Pence and MacMillan, LLC
172 Carey Avenue, Suite 600
Cheyenne, Wyoming 82001
gweisz@penceandmac.com

                                              /s/ Brandon L. Jensen